Reese, J.
delivered the opinion of the court.
In summary proceedings by motion authorized by various statutes, this court has established in many cases the general principle that the same not being according to the course of common law, the court before which the motion is made must in the judgment, in order to its validity, set forth the existence of a state of facts as being shown in proof authorizing the exercise of its jurisdiction in the rendition of such judgments. It is not intended by this that the court should describe the character or specify the details of the testimony; it is sufficient that the court assume as having been made to appear to them the state of facts necessary to justify their legal conclusions. The application of this principle to the case before us will readily determine whether the judgment of the circuit court be erroneous. This is a motion to render a sheriff and his securities liable for the collection of certain monies on executions issued by justices of the peace, and for the non-return according to law of certain executions so issued, and which money was collect *89 ed by, and which executions came to the hands of a deputy sheriff. The judgment recites that it “appeared to the satisfaction of the court that the said Stephen Snell was formerly sheriff of Henderson county, and the other defendants herein named are his securities as such sheriff; and that Eli Teague Was one of the regularly appointed and acting deputies of said Stephen Snell as such sheriff as aforesaid, and the said Eli Teague as such deputy of the said Stephen Snell as aforesaid, collected upon executions issued by justices of the peace on judgments upon claims under the jurisdiction of a justice of the peace, placed in his hands for collection for the use of said plaintiff the following sums of money, &c. Here the office of sheriffi the securityship of the defendants, the relation of deputy and his collection of the specified sums of money are all well assumed as appearing, or as being proved; and we think the judgment of the court upon this point of the case sustainable.
Executions are then specified as having come to the hands of said deputy without stating when; and with regard to them the judgment says that “he neglected and failed to make due and proper return.” This, we think, is not the assumption of a state of facts, but the statement of a legal conclusion. The plaintiff move for judgment for that executions came to the hands of the deputy and that he did not make due and proper return. The court finds merely that they did come to his hands without showing the time, and says that the law is with the plaintiff, or in other words, the return is not due and proper. Why not due and proper? Were they returned in fact, but with reasons for the non-collection of the money legally insufficient, or were they withheld or not returned at ,all, and how long were they in the hands of the officer? The finding of the court in this part of the case we think insufficient.
As to the question so much discussed, whether a sheriff and his securities are liable for the default of a deputy in a matter within the jurisdiction of a justice of the peace, we are satisfied that the matter is left without doubt under the statutes. Indeed it is admitted that the sheriff and his securities are liable’by motion for his own default, but it is said not for that of his deputy. *90 Perhaps that was the opinion of some before the passage of the act of 1827, ch. 35, sec. 4. To correct which that act, which we deem declaratory of what the law was, provides that in all cases wherein a sheriff or his deputy shall collect monejr by virtue of any execution issued by a justice of the peace, or by warrant or otherwise within the jurisdiction of a justice of the peace, said sheriff and his securities shall be held liable on their bond, &c.” The motion had been previously given and the act was intended not to point out the mode of proceeding, but to make certain the extent of the liability of the sheriff and his deputies. The judgment will be reversed and modified as above.